**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JAMES CHRISTOPHER VANDOLAH**                                                    **PETITIONER**
Reg. #09554-045

V.                    CASE NO.: 2:05CV00262 SWW/BD

**LINDA SANDERS**                                                                        **RESPONDENT**
Warden, FCI-Forrest City

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District

Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## II. Procedural History:

Petitioner, James Christopher VanDolah, filed his Petition for Writ of Habeas Corpus (docket entry #1) under 28 U.S.C. § 2241, while incarcerated in the Federal Correctional Institution (FCI), Forrest City, Arkansas. Petitioner is now incarcerated in the FCI, Terre Haute, Indiana. Respondent has answered the petition (docket entry #4) and Petitioner has replied (docket entry #5). There are no pending motions. For the reasons that follow, the Court recommends that this Petition for Writ of Habeas Corpus (docket entry #1) be DENIED and DISMISSED with prejudice.

III. **Background:**

On August 6, 1998, Petitioner received a sixty-month sentence in the United States District Court for the Western District of Missouri for attempting to manufacture methamphetamine. On October 13, 2000, after successfully completing the Bureau of Prisons' (BOP) substance abuse treatment program, Petitioner was released from prison and placed on Supervised Release. On October 16, 2001, Petitioner was arrested for possessing a methamphetamine laboratory. He has remained in federal custody since his arrest.

After his October 16, 2001 arrest, Petitioner was prosecuted on three separate occasions in the Western District of Missouri. He pled guilty to all of the charged offenses and was sentenced at three separate hearings. First, on December 17, 2001, Petitioner was sentenced to a term of sixty months for violating his Supervised Release (WD-Mo, docket entry #49).[1] Second, on July 17, 2002, Petitioner was sentenced to a term of sixteen months for bribery of a public official in connection with operating the methamphetamine laboratory. That sentence was ordered to run consecutively to the sixty-month revocation sentence (WD-Mo, docket entry #26).[2] Third, on January 6, 2003, Petitioner was sentenced to a term of 100 months for attempting to manufacture

---

[1] *USA v. VanDolah*, Case No.: 4:96CR00196-ODS (W.D. Mo. Dec. 17, 2001).

[2] *USA v. VanDolah*, Case No.: 4:01CR00342-GAF (W.D. Mo. July 17, 2002).

methamphetamine (WD-Mo, docket entry #14).³ This third sentence is the crux of the controversy in this case. The sentence provides:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 100 Months. The defendant's sentence shall run concurrently with previous cases: 96-00196-01-CR-W-ODS and 01-00342-01-CR-W-GAF. *The defendant shall be given credit for time served.* (WD-Mo, docket entry #14)(emphasis provided).

IV.     **Discussion**:

Petitioner contends that the BOP miscalculated his sentence by failing to credit approximately twelve months of "time served" to his 100 month sentence. The twelve months, 19 days, Petitioner is requesting is the period of time from the Supervised Release revocation until the imposition of the 100 month sentence for attempting to manufacture methamphetamine. Petitioner alleges that the underlying criminal conduct was related, and that his sentence falls under U.S.S.G. § 5G1.3(b), n. 2. Petitioner contends that:

> [t]his would cause any sentence from the new indictment to be run concurrently with the previous sentence (5G1.3(b)), as well as receiving credit for all the time I have already served for the related violation (application note 2). Based on my Judgment and Commitment orders, this is exactly how the court sentenced me. (docket entry #1, p. 5)

---

³ *USA v. VanDolah*, Case No.: 4:02CR00210-DW (W.D. Mo. Jan. 6, 2003).

4

On its face, this Petition raises doubts about how the BOP calculated Petitioner's sentence. Respondent's position is that the concurrent sentences at issue are not "fully concurrent." This is a puzzling interpretation of the Judgment and Commitment Order which states that the sentence "shall run concurrently" with Petitioner's prior sentences. The sentencing guidelines provide for concurrent, *partially concurrent*, or consecutive sentences. U.S.S.G. § 5G1.3(c)(emphasis added). Presumably, Respondent is arguing that the sentences are partially concurrent, even though the sentencing judge did not indicate that the sentences were to run "partially concurrent"; nor did he set out a date from which to run such a "partially concurrent" sentence. See U.S.S.G. § 5G1.3, n. 3(B)(partially concurrent sentences should provide a date for the concurrent sentence to begin). Petitioner's Judgment and Commitment Order states simply that the sentence should run concurrently with the other sentences imposed and that Petitioner "shall be given credit for time served." Language in the Judgment and Commitment that Petitioner "shall be given credit for time served" does raise the question of what period of time the BOP should credit the Petitioner with..

Respondent contends that Petitioner cannot receive credit on his 100-month sentence for the approximately twelve months already served because the time in custody was credited to "another sentence." 18 U.S.C. § 3585(b). Under 18 U.S.C. § 3584(c), multiple sentences are aggregated, resulting in one sentence, arguably foreclosing Respondent's position that the time was credited on another sentence.

The question raised in this Petition, however, *i.e.*, whether the sentencing judge intended for Petitioner to receive credit for time served prior to his sentencing on the third charge, has been answered conclusively by the sentencing court in an order entered after the Judgment and Commitment Order.  During the pendency of this habeas action, Petitioner filed a Motion for Order Correcting Judgment *Nunc Pro Tunc* (WD-Mo, docket entry #19)[4] with the sentencing court in Missouri, raising the same issues presented in this action.  The sentencing Court denied Petitioner's motion, and in doing so, clarified its intended sentence (WD-Mo, docket entry #20).[5]  The Court stated that it did *not* intend for Petitioner to receive credit for the time served on his supervised release revocation prior to his sentencing on the third charge.  The Court also stated that it did not intend for the Petitioner's sentence to be retroactively concurrent with his prior sentences.  "The Court's concern was simply that the instant 100 month sentence run concurrently *from the time of imposition*."(WD-Mo, docket entry #20, p. 2)(emphasis added).[6]

The BOP's calculation of Petitioner's sentence is fully consistent, therefore, with this expressed intent.  The BOP has given Petitioner credit for time served from the date of his arrest to the imposition of the sentence for his Supervised Release revocation. Moreover, the BOP has calculated Petitioner's sentence to run concurrently with his other

---

[4] *USA v. VanDolah*, Case No.: 4:02CR00210-DW (W.D. Mo. Nov. 7, 2003).

[5] *Id.* filed Jan. 23, 2006.

[6] *Id.*

sentences beginning on the day the sentence was imposed. The sentence itself, though outside the scope of this Court's review, was well within the sentencing Judge's discretion. Petitioner's sentence was, in fact, the shortest possible sentence within the applicable guideline range and was ordered to run concurrently with his undischarged Supervised Release revocation. *Cf.,* U.S.S.G. § 5G1.3, n. 3(C) (recommending that sentence run consecutively to, not concurrently with, sentence imposed for revocation of Supervised Release). This Court finds no error in the BOP's calculation of Petitioner's sentences, and this Petition should, therefore, be denied and dismissed with prejudice.

V.      **Conclusion:**

Accordingly, the Court recommends that Mr. VanDolah's Petition for Writ of Habeas Corpus (#1) be DENIED and DISMISSED with prejudice.

DATED this 16th day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE